UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

DONNA L. MCGULLAM,

                          Plaintiff,                                   **MEMORANDUM AND ORDER**
                                                                        04-CV-2891 (DRH) (AKT)

        -v.-

CEDAR GRAPHICS, INC.,

                          Defendant.
_____

**APPEARANCES:**

**For the Plaintiff:**
**Donna L. McGullam, Pro Se**
392 Main Street
Eastport, New York 11941

**For the Defendant:**
**Jackson Lewis LLP**
58 South Service Road, Suite 410
Melville, New York 11747
By: Mark S. Mancher, Esq.
     Ana Cenanovic, Esq.

**HURLEY, District Judge:**

              Plaintiff Donna L. McGullam ("Plaintiff") filed the present action against

defendant Cedar Graphics, Inc. ("Defendant") alleging that she was discriminated against on the

basis of her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e

et seq. ("Title VII").  Defendant moves to dismiss the Complaint pursuant to Federal Rule of

Civil Procedure ("Rule") 12(b)(6) on statute of limitations grounds.  For the reasons stated

below, the motion is denied.

## BACKGROUND

              The following facts are undisputed.  On July 3, 2001, Plaintiff filed a complaint

with the New York State Division of Human Rights (the "NYSDHR") charging Defendant with unlawful discrimination. After an investigation, the NYSDHR issued a finding of no probable cause and dismissed her complaint. Thereafter, the Equal Employment Opportunity Commission (the "EEOC") adopted the findings of the NYSDHR, dismissed the complaint, and issued a right-to-sue letter. The letter indicates that it was mailed on April 2, 2004.

Plaintiff initiated the instant lawsuit on July 6, 2004. Defendant claims that this action is barred because Plaintiff did not initiate her Title VII action within 90 days of her receipt of a right-to-sue letter. For the reasons stated below, the Court finds that Plaintiff's action is timely.

## DISCUSSION

In order for a Title VII action to be timely, it must be filed within 90 days of the plaintiff's receipt of a right-to-sue letter. *See Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996). It is generally assumed "in the absence of a challenge, that a notice provided by a government agency has been mailed on the date shown on the notice." *Id.* at 526. Further, there is a presumption that "a mailed document is received three days after its mailing." *Id.* at 525.

Here, the EEOC mailed the right-to-sue letter on April 2, 2004. A presumption therefore arises that Plaintiff received it on April 5, 2004. Defendant contends that Plaintiff's filing of the instant lawsuit on July 6, 2004, 92 days after the date she is presumed to have received the right-to-sue letter, is untimely. Plaintiff counters that she did not receive the right-to-sue letter until April 8, 2004, six days after it was mailed, and that her filing of this suit, 89 days later, is therefore timely.

The Court need not address the parties' dispute because the Complaint is timely

for an independent reason not raised by the parties. Rule 6(a) provides, in pertinent part:

> In computing any period of time prescribed or allowed by . . . any
> applicable statute, the day of the act, event, or default from which
> the designated period of time begins to run shall not be included.
> The last day of the period so computed shall be included, unless it
> is a Saturday, a Sunday, or a legal holiday . . . in which event the
> period runs until the end of the next day which is not one of the
> aforementioned days.

Fed. R. Civ. P. 6(a). As noted above, Plaintiff is presumed to have received the right-to-sue

letter on April 5, 2004; 90 days later was Sunday, July 4, 2004; the following day, Monday, July

5, 2004, was a legal holiday. Thus, under Rule 6(a), the 90-day period for filing Plaintiff's

Complaint did not end on Sunday, July 4 or on Monday, July 5. Instead, it ran "until the end of

the next day," Tuesday, July 6, which is the date Plaintiff initiated this action. Thus, Plaintiff's

Complaint is timely. *See Kane v. Douglas, Elliman, Hollyday & Ives*, 635 F.2d 141, 142 (2nd

Cir. 1980) (finding that Rule 6(a) applies in determining whether action filed timely pursuant to

Title VII).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the Complaint is

denied.

**SO ORDERED.**

Dated: Central Islip, N.Y.
       June 9, 2006

                    /s_____
                    Denis R. Hurley,
                    United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

DONNA L. MCGULLAM,

                Plaintiff,

      -v.-

CEDAR GRAPHICS, INC.,

                Defendant.
_____

**MEMORANDUM AND ORDER**
04-CV-2891 (DRH) (AKT)

**APPEARANCES:**

**For the Plaintiff:**
**Donna L. McGullam, Pro Se**
392 Main Street
Eastport, New York 11941

**For the Defendant:**
**Jackson Lewis LLP**
58 South Service Road, Suite 410
Melville, New York 11747
By: Mark S. Mancher, Esq.
    Ana Cenanovic, Esq.

**HURLEY, District Judge:**

        Plaintiff Donna L. McGullam ("Plaintiff") filed the present action against

defendant Cedar Graphics, Inc. ("Defendant") alleging that she was discriminated against on the

basis of her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e

et seq. ("Title VII").  Defendant moves to dismiss the Complaint pursuant to Federal Rule of

Civil Procedure ("Rule") 12(b)(6) on statute of limitations grounds.  For the reasons stated

below, the motion is denied.

## BACKGROUND

        The following facts are undisputed.  On July 3, 2001, Plaintiff filed a complaint

with the New York State Division of Human Rights (the "NYSDHR") charging Defendant with unlawful discrimination. After an investigation, the NYSDHR issued a finding of no probable cause and dismissed her complaint. Thereafter, the Equal Employment Opportunity Commission (the "EEOC") adopted the findings of the NYSDHR, dismissed the complaint, and issued a right-to-sue letter. The letter indicates that it was mailed on April 2, 2004.

Plaintiff initiated the instant lawsuit on July 6, 2004. Defendant claims that this action is barred because Plaintiff did not initiate her Title VII action within 90 days of her receipt of a right-to-sue letter. For the reasons stated below, the Court finds that Plaintiff's action is timely.

## DISCUSSION

In order for a Title VII action to be timely, it must be filed within 90 days of the plaintiff's receipt of a right-to-sue letter. *See Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996). It is generally assumed "in the absence of a challenge, that a notice provided by a government agency has been mailed on the date shown on the notice." *Id.* at 526. Further, there is a presumption that "a mailed document is received three days after its mailing." *Id.* at 525.

Here, the EEOC mailed the right-to-sue letter on April 2, 2004. A presumption therefore arises that Plaintiff received it on April 5, 2004. Defendant contends that Plaintiff's filing of the instant lawsuit on July 6, 2004, 92 days after the date she is presumed to have received the right-to-sue letter, is untimely. Plaintiff counters that she did not receive the right-to-sue letter until April 8, 2004, six days after it was mailed, and that her filing of this suit, 89 days later, is therefore timely.

The Court need not address the parties' dispute because the Complaint is timely for an independent reason not raised by the parties. Rule 6(a) provides, in pertinent part:

> In computing any period of time prescribed or allowed by . . . any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday . . . in which event the period runs until the end of the next day which is not one of the aforementioned days.

Fed. R. Civ. P. 6(a). As noted above, Plaintiff is presumed to have received the right-to-sue letter on April 5, 2004; 90 days later was Sunday, July 4, 2004; the following day, Monday, July 5, 2004, was a legal holiday. Thus, under Rule 6(a), the 90-day period for filing Plaintiff's Complaint did not end on Sunday, July 4 or on Monday, July 5. Instead, it ran "until the end of the next day," Tuesday, July 6, which is the date Plaintiff initiated this action. Thus, Plaintiff's Complaint is timely. *See Kane v. Douglas, Elliman, Hollyday & Ives*, 635 F.2d 141, 142 (2nd Cir. 1980) (finding that Rule 6(a) applies in determining whether action filed timely pursuant to Title VII).

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the Complaint is denied.

**SO ORDERED.**

Dated: Central Islip, N.Y.
      June 9, 2006

                                  /s_____
                                    Denis R. Hurley,
                                    United States District Judge