**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
DONNA L. McGULLAM,

                      Plaintiff,

       - against -

CEDAR GRAPHICS, INC.,

                      Defendant.
----------------------------------------------------------X

**ORDER**

CV 04-2891 (DRH) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

By letter motion dated February 22, 2007, Defendant moves for (1) an Order limiting to ten (10) the number of individuals who may be served with Rule 31 written questions in lieu of depositions and (2) an Order compelling Plaintiff to provide (a) supplemental responses as directed at the January 18, 2007 status conference and (b) the addresses of those individuals who are not current employees of Defendant and upon whom Plaintiff is serving written questions in lieu of depositions so that Defendant can serve cross-questions and objections as provided in Rule 31. [DE 41] For the following reasons, Defendant's motion is DENIED in part and GRANTED in part.

It should be noted that at the January 18, 2007 status conference, both parties agreed (1) to supplement their initial responses to discovery demands and (2) to a specific method of service for Plaintiff's written questions in lieu of depositions "to resolve any privacy concerns the parties may have." [DE 35] Specifically, the agreed upon method of service was for Plaintiff to submit her written questions in lieu of depositions to the Court and have Defendant's counsel separately submit the addresses of certain witnesses subject to these demands, namely current and former

Cedar Graphics employees. Upon receipt of both submissions and to resolve the privacy concerns it was agreed that my chambers would accept Plaintiff's materials and forward them for mailing. *Id.*

## II. DISCUSSION

### A. DEFENDANT'S MOTION TO COMPEL

Defendant's counsel may recall that no representative from his office appeared at the January 18, 2007 conference as directed in the Court's Order of August 31, 2006. My chambers tracked down another attorney from counsel's firm who participated in the conference by telephone. The conference continued for several hours and discussed discovery issues in this case at length. We received the witness list from Plaintiff's Rule 26(a) disclosures and Plaintiff made it clear in response to my questioning that she intended to serve Rule 31 questions upon all those named in her disclosures. Defendant's counsel raised no objection. In addition, both parties were directed to provide supplemental responses to discovery demands "no later than February 9, 2007." [DE 35] These supplemental responses were discussed in great detail at the January 18 conference. Plaintiff has offered no reason or excuse to the Court explaining why these responses have not been provided in the time frame directed by the Court.

Based on the foregoing, Defendant's motion to compel is GRANTED. *See American Savings Bank, FSB v. UBS Paine Webber, Inc., (In re Fitch, Inc.)*, 330 F.3d 104, 108 (2d Cir. 2003); *United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000). Plaintiff is hereby ORDERED to produce immediately her supplemental responses to Defendant's discovery demands. Plaintiff is further ORDERED to provide Defendant's counsel -- if she has not already

done so -- with the addresses of those individuals whom Plaintiff is serving written questions in lieu of depositions so that Defendant may serve its cross-questions and objections.

      B.      **THE NUMBER OF RULE 31 DEPOSITIONS**

Defendant's counsel argues that the ten deposition limit of Fed. R. Civ. P. 30(a)(2)(A) applies to Rule 31 written questions in lieu of depositions. Additionally, Defendant's counsel argues that "Plaintiff has asserted no reasonable basis for having exceeded the ten deposition limit, [and it] would be unduly burdensome and highly prejudicial to Defendant" to permit Plaintiff to serve all 28 individuals. [DE 41]

Defendant's counsel correctly notes that the ten-person limit of Rule 30(a)(2)(A) also applies to Rule 31 written questions in lieu of depositions. *See* Wright, Miller & Marcus, *Federal Practice and Procedure*: Civil 2d § 2132. However, while it is true that typically there is a 10-person limit for the number of individuals who may be served with Rule 31 written questions in lieu of depositions, this issue was discussed at the January 18, 2007 status conference as noted previously. No objection was raised nor was any request made to limit Plaintiff's Rule 31 discovery to ten individuals. Further, I conducted a telephone conference with Plaintiff and counsel for Defendant on January 30, 2007 at which time this issue was discussed again, along with the procedural aspects of the service of Plaintiff's Rule 31 documents. Again, no objection was raised nor any protective order sought. The issue was discussed at length for a third time during the telephone status conference with the parties on February 8, 2007. No objection was raised nor was any application made by Defendant.

Under the Federal Rules and common law, courts have routinely held that objections not timely stated may be deemed waived. *See, e.g.*, Fed. R. Civ. P. 33(b)(4); *Melendez v. Greiner*, No. 01-CV-7888, 2003 WL 22434101, at *2 (S.D.N.Y. Oct. 23, 2003); *Techsearch Services, Inc. v. Gorman*, No. 97-CV-7641, 1999 WL 33024, at *2 (S.D.N.Y. Jan. 21, 1999). I find that defense counsel's failure to raise an objection to this issue at the January 18, January 30 and February 8 conferences constitutes a waiver of the 10-person limit of Rule 30(a)(2)(A). *See Republic Productions, Inc. v. American Federation of Musicians*, 30 F.R.D. 159, 162 (S.D.N.Y. 1962) (citing *Laverett v. Continental Briar Pipe Co.*, 25 F. Supp. 790 (1938)) (holding that the conduct of plaintiffs waived its objections). The Court was left with the clear impression that there had been an agreement between the parties or, alternatively, an acquiescence by Defendant's counsel to the number of Rule 31 witnesses being served. Moreover, Plaintiff's Rule 31 written questions in lieu of depositions had been mailed by the time counsel filed docket entry 22 seeking relief. Therefore, Defendant's motion to limit the number of Plaintiff's Rule 31 written questions in lieu of depositions is DENIED.

### C. DEFENDANT'S REQUEST FOR AN EXTENSION OF TIME

I note that while Defendant's letter motion seeking to limit the number of Plaintiff's Rule 31 written questions in lieu of depositions to ten (10) individuals has been pending, Defendant's counsel filed a separate letter motion dated February 23, 2007 requesting an extension of time to serve its objections and cross questions. [DE 44] Specifically, defense counsel requests it be permitted to make objections within 10 days from the Court's ruling on the issue whether Plaintiff will be limited to ten (10) Rule 31 written questions in lieu of depositions. Defendant's

counsel also requests that it be permitted to serve cross questions within 15 days after receipt of answers to Plaintiff's direct questions. Defendant's counsel argues that granting this request "would drastically reduce non-party witnesses' burden by limiting the number of questions that they would be required to answer." [DE 44]

Pursuant to Fed. R. Civ. P. 31(a)(4), the Court may enlarge or shorten the time for service of cross questions "for cause shown." Fed. R. Civ. P. 31(a)(4). I find that defense counsel has shown good cause and that a brief extension of this time period is in the best interest of both the parties and the prospective witnesses. Therefore, Defendant's motion is GRANTED. Defendant's counsel will have 10 days from the date of this Order to serve its objections to Plaintiff's Rule 31 written questions in lieu of depositions. Defendant's counsel will also have 15 days after receipt of answers to Plaintiff's direct questions to serve any cross questions.

Defendant's counsel is directed to serve a copy of this Order upon Plaintiff *Pro Se* forthwith and to file proof of service on ECF.


       **SO ORDERED.**

Dated: Central Islip, New York
      March 6, 2007

                                             /s/ A. Kathleen Tomlinson
                                             A. KATHLEEN TOMLINSON
                                             U.S. Magistrate Judge