UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____
DONNA L. MCGULLAM,

      Plaintiff,      **MEMORANDUM AND ORDER**
                  04-CV-2891 (DRH) (AKT)
 -v.-

CEDAR GRAPHICS, INC.,

      Defendant.
_____

**APPEARANCES:**

**For the Plaintiff:**
**Donna L. McGullam, Pro Se**
392 Main Street
Eastport, New York 11941

**For the Defendant:**
**Jackson Lewis LLP**
58 South Service Road, Suite 410
Melville, New York 11747
By: Mark S. Mancher, Esq.
  Ana C. Shields, Esq.

**HURLEY, District Judge:**

    Plaintiff Donna L. McGullam ("Plaintiff") filed the present action against defendant Cedar Graphics, Inc. ("Defendant") alleging that she was discriminated against on the basis of her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"). Defendant moves for partial summary judgment under Federal Rule of Civil Procedure 56 with regard to Plaintiff's Equal Pay Act claim.[1] For the reasons stated below,

---

[1] Although Plaintiff's pro se Complaint does not specifically assert a cause of action under the Equal Pay Act, such a claim may be inferred from the allegations therein.

the motion is granted.[2]

## BACKGROUND

The following facts are undisputed. Plaintiff's employment was terminated in September 2000. On July 3, 2001, Plaintiff filed a complaint with the New York State Division of Human Rights (the "NYSDHR") charging Defendant with unlawful discrimination. After an investigation, the NYSDHR issued a finding of no probable cause and dismissed her complaint. Thereafter, on April 2, 2004, the Equal Employment Opportunity Commission (the "EEOC") adopted the findings of the NYSDHR, dismissed the complaint, and issued a right-to-sue letter. Plaintiff initiated the instant lawsuit on July 6, 2004.

## DISCUSSION

The Equal Pay Act provides, in essence, that no employer subject to the Act's provisions may discriminate between employees on the basis of sex by paying lower wages to employees of one sex than it pays to employees of the opposite sex for equal work. *See* 29 U.S.C. § 206(d). Claims brought pursuant to the Equal Pay Act are subject to a two-year statute of limitations, except with respect to allegations of willful violations, which are subject to a three-year limitations period. *See id.* § 255(a); *see also Pollis v. New School for Social Research*, 132 F.3d 115, 118 (2d Cir. 1997). Under the Act, a separate claim accrues each time an aggrieved employee receives a paycheck reflecting discriminatory wages. *Pollis*, 132 F.3d at 119.

Here, Plaintiff's employment was terminated in September 2000. Thus, it can be

---

[2] Defendant complied with Local Rule 56.2 by providing the requisite "Notice to Pro Se Litigant."

assumed that Plaintiff received her last paycheck around that time.[3]  Plaintiff filed the instant action on July 6, 2004, almost four years later.  Even assuming that the three-year limitations period applies, Plaintiff's recovery is time-barred under the Equal pay Act.

In response to Defendant's motion, Plaintiff argues that the statute of limitations should be equitably tolled for the period of time that her complaint was being investigated by the NYSDHR and the EEOC.  The Court disagrees.

"[E]quitable tolling is only appropriate in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising [her] rights."  *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (citations, internal quotation marks and alterations omitted).  Here, no such circumstances are present.

Claims brought pursuant to the Equal Pay Act need not be administratively exhausted prior to filing suit.  *See Ledbetter v. Goodyear Tire & Rubber Co.*, 127 S. Ct. 2162, 2176 (2007) (noting that the Equal Pay Act "does not require the filing of a charge with the EPA"); *Manko v. Deutsche Bank*, No. 02 Civ. 10180, 2004 WL 574659, at *7 (S.D.N.Y. Mar. 22, 2004) (noting that Equal Pay Act claims need not be administratively exhausted).  Thus, there is no reason why Plaintiff could not have filed her Equal Pay Act claim prior to the conclusion of the NYSDRH and EEOC investigations into her Title VII claims.  *See Manko*, 2004 WL 574659, at *7 (refusing to equitably toll pro se plaintiff's Equal Pay Act claim for same reasons urged here); *see also Atkins v. Coca Cola Enters., Inc.*, No. 07 C 1038, 2007 WL 4219196, at *4 (N.D. Ill. Nov. 28, 2007) (rejecting equitable tolling argument where plaintiffs waited until the EEOC issued their right to sue letters before filing their Equal Pay Act claims:

---

[3] Plaintiff does not contend otherwise.

"[T]he filing of an EEOC charge before the statute of limitations does not save an [Equal Pay Act] claim because [the Equal Pay Act] and Title VII provide independent forms of relief and plaintiff is not required to file an EEOC charge prior to filing a complaint in federal court, or to pursue Title VII and [the Equal Pay Act] relief concurrently.") (citations and internal quotation marks omitted).[4]

Moreover, Plaintiff's administrative charge neither mentions nor alludes to any claim under the Equal Pay Act. (*See* Def.'s Not. of Motion dated May 7, 2007, Ex. 2.) Thus, Plaintiff could not have reasonably assumed that either agency was investigating this claim. Accordingly, the Court finds that the statute of limitations should not be equitably tolled and that Plaintiff's Equal Pay Act claim should be dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion for partial summary judgment dismissing Plaintiff's claim under the Equal Pay Act is GRANTED.

**SO ORDERED.**

Dated: Central Islip, N.Y.
December 7, 2007

/s
Denis R. Hurley,
United States District Judge

---

[4] In fact, Plaintiff's Right to Sue Letter, which was mailed to her on April 2, 2004, albeit outside of the relevant limitations period, explicitly states that "[Equal Pay Act] suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged [Equal Pay Act] underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible." (*See* Def.'s Not. of Motion dated May 7, 2007, Ex. 4.)

4